UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIAYON KARDELL EVANS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 13-1160 |
| | ) |
| CHARLES E. SAMUELS, JR., | ) |
| | ) |
| Respondent. | ) |

FILED
JUL 30 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

The petitioner is "in federal custody under a conviction and sentence for which the trial court (The United States District Court for the Eastern District of Virginia), had no subject-matter jurisdiction to try him on the criminal indictment of May 26, 2004." Pet. at 1; *see id.*, Ex. A-B (copies of criminal indictment and judgment, respectively). He claims that "the trial court's order of imprisonment is void," and, therefore, the respondent "has no legal authority to . . . detain [him] under that order." *Id.* at 10. He asks this Court "to grant the writ of habeas corpus, and release [him] from [respondent's] custody." *Id.*

To the extent that a remedy is available to the petitioner, his claim must be addressed to the sentencing court in a motion under 28 U.S.C. § 2255. *Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion under § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *see Evans v. Coakley*, No. 4:12CV2579, 2012 WL 6569204 (N.D. Ohio Dec. 17, 2012).

Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added).

It matters not that petitioner "is precluded from bringing such a claim in a § 2255 motion." Pet. at 11. A court need not entertain a § 2255 motion "if it appears that . . . the court which sentenced him . . . has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e). "The terms 'inadequate' or 'ineffective' do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to *§ 2255* relief, including the denial of a previously filed section 2255 motion." *Evans*, 2012 WL 6569204, at *1 (citation omitted).

The Court will dismiss the petition. An Order accompanies this Memorandum Opinion.

*/s/ Ellen Huvelle*
_____
United States District Judge

DATE: 7/24/13